**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-2362**

WENDY FRICK LONG,

       Plaintiff - Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,

       Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Kevin Frank McDonald, Magistrate Judge. (6:19-cv-02736-KFM)

Submitted: February 10, 2022              Decided: February 23, 2022

Before NIEMEYER and KING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Samuel M. Price, Jr., Newberry, South Carolina, for Appellant. Brian C. O'Donnell, Acting Regional Chief Counsel, Thomas Moshang, Supervisory Attorney, Katie M. Gaughan, Assistant Regional Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; M. Rhett DeHart, Acting United States Attorney, Tina Cundari, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendy Frick Long appeals the magistrate judge's order upholding the Administrative Law Judge's (ALJ) denial of Long's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Long's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the magistrate judge's judgment upholding the denial of benefits. *Long v. Comm'r of Soc. Sec.*, No. 6:19-cv-02736-KFM (D.S.C. Oct. 26, 2020). We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*